UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MCKENZEY F.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00795-RLY-TAB |
| | ) |
| LELAND C. DUDEK, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff McKenzey F. was injured in motor vehicle accidents in December 2019 and August 2020 and has since suffered from a variety of physical and mental health problems. In 2021, she applied for Title II disability insurance benefits and Title XVI supplemental security income. (Filing No. 12-5 at 3, 5). Her claims were denied initially on September 30, 2021, and upon reconsideration on January 7, 2022. (Filing No. 12-2, ALJ Decision at 16). After two hearings, an Administrative Law Judge ("ALJ") issued an unfavorable decision on September 29, 2023, concluding Plaintiff was not disabled. (*Id.* at 13). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. (*Id.* at 1).

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

On May 9, 2024, Plaintiff filed a request for judicial review of the decision denying her benefits. (Filing No. 1). Pursuant to 28 U.S.C. § 636, the court referred the matter to Magistrate Judge Tim A. Baker, who recommended that the court affirm the ALJ's decision. (Filing Nos. 15, 24). Plaintiff timely objected to the Magistrate Judge's recommendation. (Filing No. 25). For the reasons set forth below, the court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's recommendation.

I.     **Background**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Plaintiff was not disabled. (*See* ALJ Decision at 19–36).

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 4, 2019, the alleged onset date. (*Id.* at 19). At step two, the ALJ determined Plaintiff had the following severe impairments: traumatic brain injury, neurocognitive disorder, cervical fracture/disease, mild degenerative changes of the thoracic spine, left foot drop, depression, bipolar disorder, anxiety, dissociative identity disorder, and posttraumatic stress disorder. (*Id.*). At step three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*). Finally, at steps four and five, the ALJ concluded that Plaintiff was unable to perform any past relevant work but that there were jobs existing in significant numbers in the national economy that she could perform. (*Id.* at 34–35).

Before step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> . . . occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; stand and/or walk four hours; sit up to six hours; never climb ladders, ropes, or scaffolds, kneel, crouch, or crawl; occasionally climb ramps and stairs, balance, and stoop; frequently reach forward, to the side, and overhead; frequently handle, finger, and feel; avoid rapid or jerking neck movements; avoid all use of hazardous moving machinery and exposure to unprotected heights; no job where it is required to drive or operate a motorized vehicle to perform functions of the job; can do simple, routine, repetitive tasks, that is short cycle work where the same routine tasks are performed over and over; no tandem tasks or teamwork; no fast paced production requirements; occasional interactions with coworkers, supervisors, and the public; no direct interaction with the general public required to perform the essential functions of the job; and no more than occasional routine workplace changes.

(*Id.* at 24). Before the Magistrate Judge, Plaintiff argued that the ALJ's RFC determination, which omitted any leg elevation limitations or use of an assistive device, was unsupported by substantial evidence because the ALJ failed to properly evaluate the medical opinion evidence. The Magistrate Judge disagreed, concluding the ALJ properly supported and explained her decision.

## II.    Legal Standard

The court reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which objections have been filed. Fed. R. Civ. P. 72(b)(3). The court "may accept, reject, or modify the recommended disposition." *Id.*

The court applies "a very deferential standard of review" in reviewing an ALJ's decision. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). The court will uphold an ALJ's decision "so long as it uses the correct legal standards and . . . is supported by

3

substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "In rendering a decision, an ALJ is not required to provide a complete and written evaluation of every piece of" evidence but "must build a logical bridge from the evidence to [her] conclusion." *Anders v. Saul*, 860 F. App'x 428, 432 (7th Cir. 2021) (quoting *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015)).

**III.   Discussion**

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ adequately considered evidence concerning Plaintiff's leg elevation needs and use of a walker. Plaintiff's arguments center on the medical opinion of Dr. Cho Mar Aung, who opined in a November 2021 medical source statement that Plaintiff needed to elevate her legs to hip level for 75% of the workday due to upper and lower back pain and required a walker for occasional standing or walking due to imbalance, pain, and weakness. (Filing No. 12-8, Medical Records Part 2 at 920). The ALJ found Dr. Aung's opinion unpersuasive because "the limitations [were] unsupported by the record overall." (ALJ Decision at 33). The ALJ explained that "there is no indication anywhere in the record that [Plaintiff] needs to elevate her legs." (*Id.*). The ALJ further explained that, although Plaintiff "might have used a walker for a short period after her" motor vehicle accidents, "there i[s] no indication that she used it long term" because "many of her [medical] exams make no mention of any assistive device." (*Id.*).

4

First, Plaintiff argues the ALJ mischaracterized the evidence by claiming that Dr. Aung's opinion concerning leg elevation was unsupported by the record. Plaintiff points to Dr. Mirian Okoye's notes from a June 2021 visit, which indicate that Plaintiff said her left knee pain improved with elevation and ice. (Medical Records Part 2 at 811). The ALJ included this visit in her summary of the evidence. (*See* ALJ Decision at 27). But Plaintiff contends that if the ALJ had properly considered this evidence, she could not have discounted Dr. Aung's opinion. The court disagrees. That Plaintiff told a doctor that elevation improved her knee pain does not compel a finding that Plaintiff needed to elevate her legs or require the ALJ to give Dr. Aung's opinion any weight. *See Anders*, 860 F. App'x at 433 (reasoning plaintiff's "own testimony that elevating his legs eased his swelling, along with statements to his medical providers to that effect, did not compel the ALJ to afford greater weight to" a medical opinion that plaintiff needed to elevate his legs). The ALJ therefore did not mischaracterize the evidence or fail to adequately consider evidence of Plaintiff's leg elevation needs.

Plaintiff also takes issue with the ALJ's claim that Dr. Aung's opinion that Plaintiff required a walker was unsupported by the record. Plaintiff points to evidence that she used a walker. (*See* Medical Records Part 2 at 1023 (December 2020 doctor's note stating Plaintiff "has a walker that she's supposed to use"); Filing No. 12-10, Medical Records Part 4 at 203 (May 2021 physical therapy note stating Plaintiff has a walker); *id.* at 330, 332 (August 2022 doctor's note indicating doctor ordered Plaintiff a new walker after her previous walker was stolen)). The ALJ considered this evidence in her decision. (*See* ALJ Decision at 27–28, 31). She acknowledged that "treatment notes show

[Plaintiff] has used a cane or walker at times," but she also noted that "the majority of [Plaintiff's] exams since her second accident make no mention of use of any assistive device." (*Id.* at 31). She offered a similar explanation for why she found Dr. Aung's opinion unpersuasive. (*See id.* at 33 (noting Plaintiff used a walker after her accidents but that the record does not support Plaintiff's "long term" use of a walker because "many of her exams make no mention of any assistive device")). This is sufficient to build the necessary logical bridge and to articulate why the ALJ discounted Dr. Aung's opinion and decided not to include assistive device usage in the RFC.

In sum, the ALJ's decision is adequately explained and is supported by substantial evidence. Accordingly, the court agrees with the Magistrate Judge that the ALJ's decision should be affirmed.

## IV.    Conclusion

The court **OVERRULES** Plaintiff's Objection (Filing No. 25), **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 24), and **AFFIRMS** the Commissioner's decision that Plaintiff was not disabled. Final judgment shall issue by separate order.

**IT IS SO ORDERED** this 7th day of April 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.